UNITED STATES TRUST CO. OF N. Y. *v.* NEW YORK, W. S. & B. RY. CO.

(*Circuit Court, D. New Jersey.* July 22, 1885.)

RAILROADS—REVENUES—PAYMENT OF CLAIMS.
 Claims for equipment and supplies furnished on running account and under continuous contract, *held* payable out of net income; following *Burnham v. Bowen,* 111 U. S. 776; S. C. 4 Sup. Ct. Rep. 675.

On Petition of the Pintsch Lighting Company.

A suit to foreclose a mortgage on the West Shore Railroad was brought in the New York supreme court. Receivers of the railroad were appointed in New York. At the same time a bill was filed in the United States circuit court in New Jersey to foreclose the same mortgage, and the same persons were appointed receivers of the railroad in New Jersey. The greater part of the line of the railroad was in New York, and its principal office was there. On June 30, 1885, a petition was filed in New Jersey by the Pintsch Lighting Company alleging that on March 27, 1883, they entered into a contract with the railroad company to erect gas-works on the terminal property, with connections and apparatus in the stations and ferry-houses, and also to equip and furnish certain baggage and passenger cars with gas-holding and gas

lighting apparatus according to the Pintsch method. The petition then continues as follows:

That they were engaged in erecting said gas-works from July, 1883, to February, 1884, and during that time, and afterwards down to the month of June, 1884, a few days before the appointment of the receivers in this cause, they were engaged in furnishing necessary equipment and supplies for the stations, ferries, and cars of said company. That they have filed a mechanic's lien, and have brought a suit thereon by leave of this court, for the sum agreed upon for the erection of the gas-works, and they have received payment from the company for certain items, and have received certificates from the receivers for the supplies furnished after the first day of March, 1884, but there remain four items of their account, not included in the mechanic's lien, which have not been paid. These are as follows:

1883.

| | | |
|---|---|---|
| Nov. 7. | Payment to Moore & Carr on Syracuse Gas-works - | $ 261 37 |
| " 21. | Discount 50 per cent. recredited - - - - | 132 00 |
| " 21. | Equipping eight baggage cars - - - | - 1,254 00 |
| " 30. | Equipping eight baggage cars - - - | 1,254 00 |
| | | $2,901 37 |

For which amount the said company gave your petitioners their notes dated May 9, 1884:

| | |
|---|---|
| One due June, 1884, for - - - - - | $1,200 00 |
| One due June 16, 1884, for - - - - | 1,200 00 |
| And one due June 23, 1884, for - - . - | 501 37 |
| Making in all - - - - - - | $2,901 37 |

—That at the time these notes were given a general settlement of the unsecured claims of your petitioner was made by said company, and they paid all that was then due, partly in cash and partly in notes, without reference to the priority of the items in the account, paying in cash some of the later items and some of those accruing since the first day of March, 1884, and paying other recent items in notes which matured before the receivers were appointed and were paid, but giving these notes for those earlier items, and these did not fall due until after the appointment of the receivers, and were not paid.

And your petitioners show and insist that these claims are for furnishing necessary equipment and supplies to the said railroad, which were essential to putting it in good running order, and these items formed a part of a continuous course of dealings which was carried on down to the time of the appointment of the receivers, and that by reason of settlement on May 9th, and the payment of the claims in notes without regard to priority, these claims should be regarded as a new debt arising out of said notes, and are entitled to be paid among the recent debts of the railroad incurred for its equipment and preservation for the benefit of the mortgagees at whose suit the receivers were appointed.

The petition prayed that the receivers might be directed to pay the claim in money or certificates.

*J. B. Vredenburgh* appeared for the receivers, and opposed the petition, but admitted the allegations of fact.

*A. Q. Keasbey,* for petitioners.

Nixon, J. The facts set forth on the petition, and which are not controverted by the receivers, would seem to bring the application

within the principles that justify an allowance laid down by the supreme court in *Burnham* v. *Bowen,* 111 U. S. 776, S. C. 4 Sup. Ct. Rep. 675, and entitle the petitioners to an order upon the receivers to pay the claims out of the income of the road. If the road should have no income, after the payment of the running expenses, as I understand the fact to be, it may be doubtful whether an order should be entered to pay from the *corpus* of the property. But I express no opinion upon this last point, but respectfully refer it to the New York court, where the receivers were first appointed, and to which all such applications should be made. The relations of this court to the main controversy I regard as of rather an ancillary character. An order will be signed directing the receivers to pay the claim out of the income, but not out of the *corpus* except upon the order of the supreme court of New York by which the principal receivership was created.